# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM RAVELLETTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 10-40207-FDS |
| | ) | |
| NORTH CENTRAL CORRECTIONAL INSTITUTION AT GARDNER, MASSACHUSETTS, and JAMES SABA, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER ON RESPONDENTS' MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus filed by an individual in state custody. In January 2007, petitioner William Ravellette was convicted of two counts of rape of a child. He contends that he was denied the effective assistance of counsel at trial. Respondents North Central Correctional Institution at Gardner, Massachusetts, and James Saba have moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1). Petitioner has not opposed the motion. For the following reasons, the motion to dismiss will be granted.

## I.  Background

Following a trial by jury, petitioner William Ravellette was convicted on January 29, 2007, of two counts of rape of a child in Massachusetts Superior Court. He was acquitted on a third count of digital rape of a child. The trial judge sentenced him to six to eight years in prison and five years' probation.

Ravellette timely filed a notice of appeal. He also filed, on December 18, 2007, a motion for a new trial under Mass. R. Crim. P. 30(b). The motion raised claims (1) that his trial counsel's failure to impeach several witnesses rendered his representation constitutionally ineffective, (2) that the conviction was based upon evidence not presented to the grand jury, and (3) that the trial judge erred by not instructing the jury on the unanimity requirement. The Massachusetts Court of Appeals stayed the direct appeal pending resolution of the motion for a new trial. After holding an evidentiary hearing, the Superior Court denied the motion on July 1, 2008.

Ravellette's direct appeal and his appeal of the denial of the motion for a new trial were consolidated for review in the Court of Appeals. *Commonwealth v. Ravellette*, 74 Mass. App. Ct. 1113, 2009 WL 1442014, at *1 (Mass. App. Ct. May 26, 2009). The court considered the same three claims asserted in the new trial motion. In a comprehensive opinion, the court rejected his arguments and affirmed the conviction and denial of the motion for a new trial. *Id.* at *2-4. Ravellette's application for leave to obtain further appellate review was denied by the Supreme Judicial Court of Massachusetts on July 22, 2009. *Commonwealth v. Ravellette*, 454 Mass. 1108 (2009). He did not petition the United States Supreme Court for a writ of certiorari.

On October 21, 2010, Ravellette filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254, asserting only the ineffective assistance of counsel claim. The petition was signed by Ravellette and dated October 20, 2010. Attached to it was a certificate of service, signed by Ravellette's attorney, stating that the petition was mailed by him to respondents on October 20, 2010. It was received by this Court and docketed the following day.

Respondents NCCI-Gardner and James Saba filed a motion to dismiss the petition as untimely in December 2010. Ravellette has not opposed the motion.

**II.     Analysis**

Federal law establishes a one-year limitations period for federal habeas petitions that seek relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitations clock begins to run on the later of either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). If an individual submits a "properly filed application for State post-conviction or other collateral review," the limitations period is tolled while the application remains pending. *Id.* § 2244(d)(2).

Respondents contend that the petition was filed one day after the one-year limitations period expired and therefore must be dismissed as untimely. In addition, they maintain that the statute of limitations should not be subject to equitable tolling in this case.

Because petitioner did not pursue direct review in the United States Supreme Court, his conviction became final when the period for filing a petition for certiorari expired. *See Wall v. Kholi*, 562 U.S. ___ (2011) (slip op., at 2). That date was 90 days after the Supreme Judicial Court denied further appellate review, or October 20, 2009. *See* 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Under the one-year limitations period fixed by § 2244(d)(1), he had until October 20, 2010, to file a federal habeas petition, unless any tolling provision applies.

Petitioner's only effort to obtain state post-conviction relief or other collateral review was his motion for a new trial. But the ruling on that motion was consolidated with the direct appeal, so it ceased to be "pending" under § 2244(d)(2) when the Supreme Judicial Court denied further appellate review. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Petitioner did not otherwise pursue state collateral review after the date on which his conviction became final. As there was no action taken that would toll the limitations clock, his habeas petition is untimely,

3

having been filed one day after the limitations period expired.

Although not raised by petitioner or respondents, the Court notes that the petition cannot be deemed timely by operation of the prisoner-mailbox rule. In the First Circuit, "a *pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court." *Morales-Rivera v. United States*, 184 F.3d 109, 109 (1st Cir. 1999) (per curiam). The rule promotes parity between non-incarcerated litigants and *pro se* prisoners, who cannot actively monitor their filings, but instead must rely on prison officials and the mail system to transport the filings in a timely manner. *See Houston v. Lack*, 487 U.S. 266, 271 (1988); *Morales-Rivera*, 184 F.3d at 110.

Whether petitioner is represented by counsel or proceeding *pro se* is not entirely clear. The petition is signed by Ravellette but not by an attorney, as would be required under Fed. R. Civ. P. 11(a) if he was represented by counsel. However, a certificate of service attached to the petition reads: "I, Sean J. Gallagher, Esq., 74 Elm Street, Worcester MA 01608 certify that on October 20, 2010, I mailed first class postage prepaid a copy of Ravellette's petition for writ of habeas corpus." (Pet. at 5). The certificate is signed by Gallagher under the pains and penalties of perjury.

At the very least, the certificate of service indicates that the petition was not deposited in NCCI-Gardner's internal mail system, but rather was mailed by an attorney by first-class mail. As a result, the considerations underlying the prisoner-mailbox rule are not present in this case. Even if Gallagher is not actively representing petitioner, his act of mailing the petition indicates that he had control over the filing process and that Ravellette was not dependent on prison officials or the postal service to ensure timely filing. Because the prisoner-mailbox rule applies only when a

4

petition is deposited into a prison's internal mail system, it is inapplicable to this case and the petition cannot be deemed filed on October 20, 2010.

Although untimely, a federal habeas petition may nevertheless benefit from equitable tolling under certain circumstances. *Holland v. Florida*, 560 U.S. ___ (2010) (slip op., at 12); *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010). A petitioner is only entitled to equitable tolling of the one-year limitations period if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at ___ (slip op., at 17) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As Ravellette has not opposed respondents' motion to dismiss, there is no indication that he has diligently pursued his right to federal habeas review or that an exceptional circumstance justifies equitable tolling. And it is well-settled that an attorney's miscalculation of a filing deadline alone is not a sufficiently extraordinary circumstance to warrant tolling. *Lawrence*, 549 U.S. at 337; *Trapp v. Spencer*, 479 F.3d 53, 60 (1st Cir. 2007).

The Court takes no pleasure in dismissing a habeas petition that was filed one day late. Nonetheless, limitations periods are generally inflexible, and petitioner here has made no effort to demonstrate that one of the two possible exceptions (the prisoner-mailbox rule and equitable tolling) applies. The petition is therefore untimely under 28 U.S.C. § 2244(d)(1) and must be dismissed.

### III. Conclusion

For the foregoing reasons, respondents' motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

**So Ordered.**

        /s/ F. Dennis Saylor
        F. Dennis Saylor IV
Dated: June 28, 2011        United States District Judge